IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS JAMES GRIDER, # 137634, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv464-TMH |
| ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Thomas James Grider, an Alabama inmate incarcerated at the Hamilton Aged & Infirmed Facility, has filed a *pro se* pleading self-styled as a petition for a writ of habeas corpus under U.S.C. § 2241. (Doc. No. 1). In his petition, Grider alleges that various state officials have deprived him of his "right to address the courts under post-conviction, habeas corpus, and other state court procedures" (Doc. No. 1 at 2-3), presumably by failing to rule that Grider is indigent for purposes of his attempt to pursue post-conviction litigation. Upon review of Grider's petition, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama.[1]

**DISCUSSION**

It appears from Grider's sparse pleadings that the original judgment giving rise to

---

[1] Attached to Grider's petition is an affidavit in support of a request for leave to proceed *in forma pauperis* in this action. (Doc. No. 2). However, under the circumstances of this case, this court makes no determination with respect to such request, as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

Grider's instant claims is a ruling by the Circuit Court of Jefferson County denying Grider indigency status for purposes of proceeding on a state post-conviction petition.[2]  It thus appears that the conviction underlying Grider's state petition was entered in the Circuit Court of Jefferson County.

The claims asserted by Grider are beyond the venue of this court.  Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  All of the actions about which Grider complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama.  "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  The law further provides that this court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]."  *See* 28 U.S.C. § 2241(d).

It is clear from the face of Grider's pleadings that the proper venue for his cause of action is the United States District Court for the Northern District of Alabama.  This court therefore concludes that the transfer of this case to such other court for determination is appropriate.

---

[2] Grider petitioned the Alabama Court of Criminal Appeals, and then the Alabama Supreme Court, seeking a writ of mandamus directed to Alfred Bahakel, Judge of the Circuit Court of Jefferson County. The Alabama Court of Criminal Appeals and the Alabama Supreme Court denied the petitions for a writ of mandamus.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before June 15, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of June, 2012.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE